1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| VANESSA FEREGRINO, | CASE NO. 08cv2026 JM(JMA) |
|---|---|
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS THE FIRST, THIRD, AND FIFTH CAUSES OF ACTION |
| vs. | |
| MICRO FOCUS (US) INC., a.k.a. DELAWARE MICRO FOCUS (US) INC., | |
| Defendant. | |

In this diversity employment action, Defendant Micro Focus (US) Inc. a.k.a. Delaware Micro Focus (US) Inc. ("Micro Focus") moves to dismiss the first, third and fifth causes of action. Plaintiff Vanessa Feregrino opposes the motion. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the motion to dismiss the first, third, and fifth causes of action is granted. The court also grants Plaintiff 20 days leave to amend from the date of entry of this order.

**BACKGROUND**

On September 29, 2008 Plaintiff commenced this employment discrimination action in the Superior Court of the State of California, County of San Diego. On October 8, 2008 Micro Focus removed this action based upon diversity jurisdiction..

Plaintiff commenced her employment with Defendant's success, Acucorp, Inc. as an International Sales Coordinator on March 15, 2004. (Compl. ¶18). Micro Focus acquired Acucorp in May 2007. (Compl. ¶19(n)). In January 2005 and again in January 2006 Plaintiff received

1  promotions for her performance. (Compl. ¶¶19(d), 19(f)). In March 2006 Plaintiff received a 2005
2  Sales Quota Achievement award and in October 2006 Plaintiff "won the largest deal in Acucorp's
3  history in Latin American territory." (Compl. ¶19(I)). In March 2007 Plaintiff received a quality
4  award accompanied by a bonus "given to the employee that demonstrates consistent quality in her
5  work." (Compl. ¶19(l)).

6  On March 22, 2008 Plaintiff severely injured her ankle in a cycling accident. Plaintiff
7  informed Micro Focus and on March 29, 2008 Micro Focus provided Plaintiff with paperwork that
8  outlined the company's Family and Medical Leave Policy. (Compl. ¶22). On April 1, 2008 Plaintiff's
9  treating physician indicated that Plaintiff should not bear weight on the ankle or work for eight weeks.
10 (Compl. ¶23). Due to complications, her disability was extended to June 11, 2008, then to August 11,
11 2008, and once again until October 14, 2008. (Compl. ¶24). On or about May 1, 2008 Plaintiff was
12 terminated. (Compl. ¶25).

13 Based upon the above generally described allegations, Plaintiff alleges five causes of action
14 for (1) violation of California Family Rights Act ("CFRA"), Government Code Section 12945.1 et
15 seq., discrimination based on disability, (3) wrongful termination in violation of public policy, (4)
16 wrongful termination in violation of CFRA; and (5) intentional infliction of emotional distress
17 ("IIED"). Defendant moves to dismiss the first, third and fifth causes of action.

18 **DISCUSSION**

19 **Legal Standards**

20 Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases.
21 United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief
22 only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a
23 cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts
24 should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to
25 raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, __550 U.S. __, 127
26 S.Ct. 1955 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled
27 to relief). The defect must appear on the face of the complaint itself. Thus, courts may not consider
28 extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482

(9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

**The First and Third Causes of Action**

Micro Focus moves to dismiss the first and third causes of action for violation of CFRA on the ground that CFRA does not apply to Micro Focus because it employs less than 50 employees within a 75 mile radius of the worksite. In order to state claim for retaliation in violation of the CFRA, Plaintiff must allege: (1) the employer is covered by the CFRA; (2) the plaintiff was eligible for CFRA leave; (3) plaintiff exercised the right to take leave for a CFRA qualified purpose; and (4) plaintiff suffered an adverse employment action. Dudley v. Department of Transp., 90 Cal.App.4th 255, 261 (2001). Further, the employee must have (1) worked for the employer for 12 months prior to the leave; (2) worked at least 1250 hours during the preceding 12 months; and (3) worked at a location that employed more than 50 employees within a 75 mile radius of the worksite. 2 Cal. Code Regs. § 7297.0(e).

Here, Micro Focus's corporate counsel declares that the operations in San Diego employ approximately 35 individuals, (Plaintiff's Exh. C), and therefore Plaintiff fails to state a claim. In opposition, Plaintiff argues that Micro Focus employs more than 500 employees worldwide and therefore satisfies the 50 employee threshold of 2 Cal. Code Regs. § 7297.0(e). This argument necessarily fails as the regulation is clear and concise that CFRA only applies to employers with more than 50 employees within a 75 mile radius of the workplace. Plaintiff also argues that discovery has yet to occur and therefor there may, in fact, be more than 50 employees. This argument is similarly unavailing. Plaintiff has the burden to allege in good faith, consistent with Rule 11, all the necessary

elements to state a CFRA claim. As Plaintiff fails to represent that it can make a good faith allegation that Micro Focus employed 50 employees or more, the court grants the motion to dismiss the first and third causes of action.

In sum, the court grants the motion to dismiss the first and third causes of action without prejudice. In the event Plaintiff later discovers that Micro Focus employed more than 50 employees she can seek leave to amend.

**The Fifth Cause of Action**

Micro Focus also moves to dismiss the IIED claim on the ground that claims based solely on alleged discriminatory or retaliatory employment actions cannot form the basis for a separate emotional distress claim as it is duplicative of the individual's employment discrimination claim. Janken v. GM Hughes Electronics, 46 Cal.App.4th 55, 80 (1996). Here Plaintiff sets forth a two sentence claim for emotional distress. The first sentence incorporates all previous allegations and the second sentence states that the described conduct "was extreme and outrageous" and she "did suffer extreme emotional distress." (Compl. ¶53).

The court concludes that Plaintiff fails to state a separate claim for emotion distress. In Janken four employees sued their employer for, among other things, age discrimination and IIED. As the IIED claim was based upon the same factual allegations as the underlying age discrimination claim, the court of appeals affirmed the dismissal of the IIED noting that "[m]anaging personnel is not outrageous conduct beyond the bound of human decency, but rather conduct essential to the welfare and prosperity of society. . . . If personnel management decisions are improperly motivated, the remedy is a suit against the employer for discrimination." Id. The court grants the motion to dismiss the IIED claim. The court also grants Plaintiff's request for leave to amend this claim.

In sum, the court grants the motion to dismiss the first, third and fifth causes of action. The court also grants Plaintiff 20 days leave to amend from the date of entry of this order.

**IT IS SO ORDERED.**

DATED: January 5, 2009

Hon. Jeffrey T. Miller
United States District Judge

cc: All parties